IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANE DOE NO. 1, et al.,

    Plaintiffs,

      v.

FULTON-DEKALB HOSPITAL
AUTHORITY, doing business as
Grady Health System, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-2277-TWT

## OPINION AND ORDER

This is an action for sexual harassment.  It is before the Court on Defendant
Robert Rohr's Motion to Dismiss [Doc. 11], Defendants William Reed and Venus
Upshaw's Motion to Dismiss [Doc. 13], and Defendant Fulton-DeKalb Hospital
Authority 's Motion to Dismiss [Doc. 16].  For the reasons set forth below, Defendant
Robert Rohr's Motion to Dismiss [Doc. 11] is GRANTED in part and DENIED in
part, Defendants William Reed and Venus Upshaw's Motion to Dismiss [Doc. 13] is
GRANTED, and Defendant Fulton-DeKalb Hospital Authority's Motion to Dismiss
[Doc. 16] is GRANTED.

## I. BACKGROUND

Defendants Reed, Upshaw, and Rohr are all employees of Defendant Fulton-DeKalb Hospital Authority d/b/a Grady Health System ("Grady").  Rohr is the Director of Employee Relations for Grady.  Reed is the Director of the Department of Mental Health Services, of which the Drug Dependence Unit ("DDU") is a part. Upshaw is Clinical Director of the DDU.  In July, 2004, Defendant Steve Kimbrell was hired by Grady to serve as a Substance Abuse Counselor in the DDU. Subsequently, he began counseling each of the Plaintiffs, three female DDU patients. They allege that he sexually harassed them repeatedly over the course of their counseling sessions.

On August 31, 2005, the Plaintiffs filed this lawsuit.  The claims included: (1) a section 1983 claim against Defendants Kimbrell, Rohr, Reed, and Upshaw for violating the Plaintiffs' Equal Protection and Substantive Due Process rights; (2) a state law claim for sexual harassment against all Defendants; (3) a state law claim for professional negligence against Defendants Kimbrell, Upshaw, and Grady; (4) a state law claim for negligent hiring and negligence per se against Defendants Rohr, Reed, and Upshaw; (5) a state law claim for negligent supervision and retention against Defendants Rohr, Reed, and Upshaw; (6) a state law claim for intentional infliction of emotional distress against all named Defendants; and (7) a state law claim for recovery of attorney's fees and expenses.  The Defendants have responded as follows:

Defendant Rohr moves to dismiss all claims against him; Defendant Reed moves to dismiss Claims 1 and 6; Defendant Upshaw moves to dismiss Claims 1, 3, and 6; and Defendant Grady moves to dismiss Claims 2, 3, and 6.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

## III. DISCUSSION

As an initial matter, Defendants Rohr, Reed, and Upshaw, in submitting their motions to dismiss, have relied upon facts outside the pleadings.  Specifically, both Rohr and Upshaw have submitted affidavits disputing their alleged liability.  They

argue that Federal Rule of Civil Procedure 12(b) permits this Court to treat their motions as motions for summary judgment.  However, "before a district court may convert a motion to dismiss into a motion for summary judgment, it must notify the parties and allow the parties ten days to submit any relevant evidence and arguments in support or opposition to the merits."  Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1266 (11th Cir. 1997). The Eleventh Circuit allows an exception to this requirement only "when the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given." Id. (quotations and punctuation omitted).  Because the Plaintiffs responded to the Defendants' motions by submitting several exhibits not included in their original complaint, the Defendants argue that the Plaintiffs have waived any claim of inadequate notice.  (Defs. Reed and Upshaw's Reply, at 5 n.4.)  Discovery has not taken place, however, and the Plaintiffs have thus not had an opportunity to present all material pertinent to a motion for summary judgment. See Fed. R. Civ. P. 12(b); Brug v. Enstar Group, Inc., 755 F. Supp. 1247, 1251 (D. Del. 1991).  The Court declines the invitation to convert the Defendants' motions into motions for summary judgment.  The Court will not consider the Defendants' affidavits or the Plaintiffs' exhibits.

      A. Federal 1983 Claims

The Plaintiffs allege that they have been deprived of their constitutional rights to Equal Protection and Substantive Due Process.  Specifically, they claim that if Defendants Rohr, Reed, and Upshaw had checked Defendant Kimbrell's employment references on his application, they would have discovered his poor employment record and refused to hire him.  This would have prevented the sexual harassment suffered by the Plaintiffs.  The Plaintiffs originally brought these claims against Defendants Reed and Upshaw in both their official and individual capacities.  (Compl., ¶¶ 9, 10.)  However, as these Defendants have pointed out, there is no need to bring a claim against a public official in his "official capacity" because local government units can be sued directly.  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).  The Court accordingly grants the Defendants' motion to dismiss as to the "official capacity" claims against Reed and Upshaw.

As to the individual capacity claims, to bring such a claim under section 1983, the Plaintiffs "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  The Plaintiffs have alleged that the sexual harassment they suffered violated both Substantive Due Process and the Equal Protection Clause of the Fourteenth Amendment.  The Supreme Court has made clear, however, that where a

constitutional claim "is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).  The Court finds that the Equal Protection clause is the appropriate avenue of relief for the Plaintiffs in this case.  See Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1340 (11th Cir. 1999) ("The Equal Protection Clause of the Fourteenth Amendment protects women from sex discrimination by persons acting under color of state law); Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation, 49 F.3d 1490, 1507 (11th Cir. 1995) (recognizing a cause of action for sexual harassment based on the Equal Protection clause).  See also Wright v. Rolette County, 417 F.3d 879, 884 (8th Cir. 2005) ("Sexual harassment by state actors violates the Fourteenth Amendment and establishes a section 1983 action"); Markham v. White, 172 F.3d 486, 491 (7th Cir. 1999) (same).  The Substantive Due Process claim is dismissed.

Public officials are not liable for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).  Supervisory liability is imposed either "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between

the actions of the supervising official and the alleged constitutional deprivation."
Miller, 384 F.3d at 1261.  To prove a causal connection, a plaintiff must show: (1) a
history of widespread abuse "putting the responsible supervisor on notice of the need
to correct the alleged deprivation"; (2) a supervisor's custom or policy resulting in
deliberate indifference to constitutional rights; or (3) facts supporting an inference
"that the supervisor directed the subordinates to act unlawfully or knew that the
subordinates would act unlawfully and failed to stop them from doing so."  Id.

        Here, the Plaintiffs have failed to make the appropriate showing.  First, they do
not claim that Defendants Rohr, Upshaw, and Reed personally participated in the
harassment.  They thus must allege some causal connection between the Defendants'
actions and Kimbrell's sexual harassment.  To meet this requirement, they claim only
that these Defendants' failure to conduct an employment reference check resulted in
a violation of the Plaintiffs' constitutional rights.  This appears to be an attempt to
meet the second prong of Miller.  It is insufficient, however, first because they have
not alleged that it was these Defendants' custom to not check employment references.
They allege only that such a check was not done in this case.  Furthermore, to
establish "deliberate indifference," a plaintiff must show that the defendant had "(1)
subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by
conduct that is more than mere negligence."  Snow v. City of Citronelle, AL, 420 F.3d

1262, 1268 (11th Cir. 2005) (punctuation omitted).  Here, the most the Plaintiffs have

alleged is mere negligence.  They do not claim that the Defendants had subjective

knowledge of any risk posed by Kimbrell, much less that they disregarded that risk.

Thus, their allegations are insufficient to show a constitutional violation against

Defendants Rohr, Reed, and Upshaw, and these claims require dismissal.

     B. <u>State Law Claims</u>

        1. <u>Sexual Harassment and Intentional Infliction of Emotional Distress</u>

     The Plaintiffs allege that Defendants Rohr, Reed, Upshaw, and Grady are all

liable for sexual harassment and intentional infliction of emotional distress based on

the actions of Defendant Kimbrell.  In order to state a claim against the individual

Defendants, the Plaintiffs must allege some basis for holding them liable for

Kimbrell's conduct.  <u>See</u> <u>Gaskins v. Gaona</u>, 209 Ga. App. 322, 323 (1993).  The

Plaintiffs assert that the Defendants were "joint tort-feasors" with Kimbrell because

they "entrusted" to him the authority that he used to sexually harass the Plaintiffs.

(Compl., ¶¶ 12, 75.)  However, under Georgia law, joint tort-feasor liability is shown

where an individual "maliciously procures an injury to be done to another, whether

an actionable wrong or a breach of contract . . ."  O.C.G.A. § 51-12-30.  Georgia's

courts define a "malicious act" as one "involv[ing] all that is usually understood by

the term 'wilful,' and is further marked by either hatred or ill will or by such utter

recklessness and disregard of the rights of others as denotes a corrupt or malevolent disposition." Harvey v. Nichols, 260 Ga. App. 187, 192 (2003) (quoting Partain v. Maddox, 131 Ga. App. 778, 783-784 (1974)).

Here, the Plaintiffs make no allegation of maliciousness. They claim only that the Defendants "entrusted" Kimbrell with the authority of the position of Substance Abuse Counselor and that Kimbrell used that position to sexually harass them. This may be sufficient to support a claim for negligent hiring, supervision and retention. See, e.g., Poole v. North Georgia Conference of Methodist Church, Inc., 273 Ga. App. 536, 537 (2005) ("An employer may be liable for hiring or retaining an employee the employer knows or in the course of ordinary care should have known was not suited for the particular employment"). This does not, however, support an allegation of joint tort-feasor liability. Thus, because the Plaintiffs have failed to allege any basis upon which these Defendants can be held liable for Kimbrell's tort, this Court finds that Defendants Rohr, Reed, and Upshaw's motion to dismiss the intentional infliction of emotion distress claims and Defendant Rohr's further motion to dismiss the sexual harassment claim must be granted.

The Plaintiffs' claims of sexual harassment and intentional infliction of emotional distress against Defendant Grady also prove unavailing.

> The test of a master's liability for his servant's tort is whether the act was done within the scope of the actual transaction of the master's business

> for accomplishing the ends of his employment. If a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from a doing of the act, the servant may be liable, but the master is not liable. Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and the master is not liable.

Stewart v. Storch, 274 Ga. App. 242, 246 (2005).  It is well established in Georgia, moreover, that "an employer is not responsible for the sexual misconduct of an employee." Alpharetta First United Methodist Church v. Stewart, 221 Ga. App. 748, 752 (1996), see also Piedmont Hosp., Inc. v. Palladino, 276 Ga. 612 (2003); Rogers v. Carmike Cinemas, Inc., 211 Ga. App. 427 (1993).

The Court finds the Georgia Supreme Court case of Piedmont Hosp., Inc. v. Palladino, 276 Ga. 612 (2003), authoritative on this issue.  There, a patient sued the hospital and one of its employees for sexual assault, battery and other charges arising out of an incident that occurred during a hospital visit.  The patient, Palladino, underwent angioplasty surgery at the defendant hospital and, as part of the surgery, a sheath was inserted into an artery of his groin.  Following the surgery, the plaintiff awoke to find a hospital employee, Patterson, "rubbing his (Palladino's) penis with both hands." Id. at 613.  In assessing the liability of the hospital for these actions, the court stated that:

> Patterson was authorized to inspect the place in Palladino's groin where the sheath was inserted, to clean the area, and to move Palladino's testicles if necessary to perform these tasks. If, however, Patterson

> deviated from these job duties and began rubbing Palladino's penis and/or
> performing oral sex on him, he was no longer acting within the scope of
> his employment or furthering the business of Piedmont Hospital. At that
> point, Patterson was acting not as a hospital employee, but rather purely
> for his own personal reasons.

Id. at 614.  The Georgia Supreme Court thus concluded that the hospital did not have respondeat superior liability.  Id. at 617.  Justice Carley lamented that the majority, through its ruling, had "effectively establishe[d] an absolute rule that the doctrine of respondeat superior does not apply to cases involving sexual assault."  Id. at 617 (Carley, J., dissenting).

The Plaintiffs, without addressing this case, attempt to elude its conclusion by arguing that Kimbrell's actions were, at most, a momentary deviation from employment and thus fell within the parameters of respondeat superior liability.  They cite to a 90 year old Georgia Supreme Court decision emphasizing that if "the act is done in the prosecution of the master's business--that is, if the servant is at the time engaged in serving the master--the latter will be liable."  Fielder v. Davison, 139 Ga. 509, 77 S.E. 618, 619 (1913).  They further cite to Reynolds v. L & L Management, Inc., 228 Ga. App. 611(1997), for the proposition that "[a] master rarely employs a servant with the expectation that he will commit a negligent or wilful tort, but if the

act is done in the prosecution of the master's business, the master will be liable."[1] <u>Id.</u> at 612.  In <u>Reynolds</u>, a customer filed a lawsuit against a fast food restaurant operator after the restaurant's employee allegedly assaulted her while attempting to resolve her service complaint.  The Georgia Court of Appeals held that, even though the employee's actions may have been prompted partly by personal motivations, that did not affect the master's liability since the actions were performed "in the line of duty and in the prosecution of his master's work."  <u>Id.</u> at 613.

The Plaintiffs cite this case as authority for the denial of Defendant Grady's motion.  They contend that because Kimbrell was employed as a Substance Abuse Counselor and authorized to discuss private thoughts and feelings with the Plaintiffs, the uninterrupted escalation from these discussions to ones of "his own fantasies, desires, and needs [did] not take it outside the scope of the duties for which he was employed."  (Pls.' Resp. to Def. Grady's Mot. to Dismiss, at 11-12.)  They argue that the separation between acts inside and outside the scope of his employment was "too refined a distinction to resolve on a motion to dismiss."  (<u>Id.</u> at 12.)  This conclusion

---

[1]The Court notes that the Plaintiffs, in their response brief, cite extensively to many of the same cases Carley used as support for his <u>Palladino</u> dissent, yet they fail to even acknowledge <u>Palladino's</u> relevance in the instant action.  <u>See</u> <u>Palladino</u>, 276 Ga. at 617-20 (Carley, J., dissenting) (citing <u>Chorey, Taylor & Feil v. Clark</u>, 273 Ga. 143 (2000); <u>Fielder</u>, 139 Ga. at 511-12; <u>Reynolds</u>, 228 Ga. App. at 612; <u>IBM v. Bozardt</u>, 156 Ga. App. 794, 797 (1980); <u>Andrews v. Norvell</u>, 65 Ga. App. 241, 243-244 (1941)).

ignores the fundamental distinction between actions for sexual harassment as opposed to ordinary assault.   Whereas an employee can still be acting in the line of employment during an ordinary assault, see, e.g., American Multi-Cinema, Inc. v. Walker, 270 Ga. App. 314 (2004); Brown v. AMF Bowling Centers, Inc., 236 Ga. App. 277, 278 (1999), Georgia courts have continually emphasized that sexual assault is outside the scope of the master's business.   See Stewart, 221 Ga. App. at 752; Rogers, 211 Ga. App. at 427; B.C.B. Co., Inc. v. Troutman, 200 Ga. App. 671, 672 (1991).   The Court thus concludes that this alleged sexual harassment was outside the scope of Kimbrell's employment with Grady, and thus Grady cannot be held liable on a theory of respondeat superior.

The Plaintiffs have also failed to show that Grady ratified Kimbrell's conduct. Under Georgia Law, "[a]n act can not be subject to ratification unless done in behalf of the person adopting it and attempting to ratify it."  Travis Pruitt & Associates, P.C. v. Hooper, 277 Ga. App. 1,3 (2005) (quoting Lemmons v. City of Decatur, 215 Ga. 647, 648 (1960)).  "Where the employee was acting exclusively for himself and was not acting at all for the master, and did not profess to be acting for the employer, the mere retaining of the servant after knowledge of his tort would not constitute ratification binding the master."  American Multi-Cinema, Inc., 270 Ga. App. at 317 (punctuation omitted); see also Holy Fellowship Church of God in Christ v. Brittain,

240 Ga. App. 436, 438 (1999) ("For ratification to be effective, the principal must know of the agent's unauthorized act and, with full knowledge of all the material facts, accept and retain the benefits of the unauthorized act").  As discussed above, the Court finds that Defendant Kimbrell was not acting within the scope of his employment when he sexually harassed the Plaintiffs.  Thus, the Plaintiffs' claim against Grady must fail.

>           2. <u>Professional Negligence</u>

Defendants Upshaw and Grady also move to dismiss the Plaintiffs' claim against them for professional negligence in failing to meet the pertinent standard of care in supervising Kimbrell.  An allegation of professional negligence may be brought to challenge the propriety of a professional decision, the determining factor being "whether the task in question requires the exercise of professional judgment and skill."  <u>King v. Dodge County Hosp. Auth.</u>, 274 Ga. App. 44 (2005) (punctuation omitted).  The Georgia Court of Appeals recently explained the difference between claims of ordinary negligence and professional negligence:

> Where the professional's alleged negligence requires the exercise of professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action states professional negligence.  But where the allegations of negligence do not involve professional skill and judgment, the action states ordinary negligence.  Whether a complaint alleges ordinary or professional negligence is a question of law for the court.

Bardo v. Liss, 273 Ga. App. 103, 104 (2005).  Here, the Plaintiffs do not allege that Defendant Upshaw failed to exercise the degree of skill and judgment required of any professional.  Rather, they argue that she failed to meet her obligation, required by federal and other unidentified laws, to supervise the operation of the DDU.  (Pls.' Resp. to Defs. Reed and Upshaw's Mot. to Dismiss, at 23-25.)  This is a claim for ordinary negligence.  See O.C.G.A. § 34-7-20 ("The employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency").  Thus, because the Plaintiffs have failed to state a claim against Defendant Upshaw for professional negligence, this claim merits dismissal.

As to Grady, the Plaintiffs have similarly failed to set forth any facts that could grant them relief.  In their response brief, the Plaintiffs admit that their claim of professional negligence against Grady is premised upon respondeat superior liability.  (Pls.' Resp. to Def. Grady's Mot. to Dismiss, at 18.)  As discussed above, the Georgia Supreme Court has made clear that a hospital employee is not furthering the business of his employer when he sexually harasses a patient.  See Palladino, 276 Ga. at 616-17.  Thus, Grady cannot be held liable for Kimbrell's negligence.  Furthermore, because the claim of professional negligence against Defendant Upshaw has also been dismissed, Defendant Grady holds no respondeat superior liabilty for her actions either.  The Plaintiffs' claim against Grady must thus be dismissed.

### 3. Ordinary Negligence

Defendant Rohr also moves to dismiss Claims 4 and 5 for "Negligent hire and Negligence per se" and "Negligent supervision and retention."  He previously submitted an affidavit in support of this claim.  The Court has already ruled, however, that outside evidence will not be considered on this motion to dismiss, and Defendant Rohr makes no other argument as to why his motion should be granted.  The Defendant fails to meet the requisite standard for dismissal, see Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and his motion must be denied as to those claims.

## IV. CONCLUSION

For the reasons set forth above, the Court finds as follows: Defendant Robert Rohr's Motion to Dismiss [Doc. 11] is GRANTED as to Claims 1, 2, and 6 and DENIED as to Claims 4, 5, and 7; Defendants William Reed and Venus Upshaw's Motion to Dismiss Claims 1, 3, and 6 [Doc. 13] is GRANTED; and Defendant Fulton-DeKalb Hospital Authority's Motion to Dismiss Claims 2, 3 and 6 [Doc. 16] is GRANTED.

SO ORDERED, this 3rd day of May, 2006.

s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge