IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANE DOE NO. 1, et al.,

   Plaintiffs,

    v.

FULTON-DEKALB HOSPITAL
AUTHORITY, doing business as
Grady Health System, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-2277-TWT

<u>ORDER</u>

This is an action for sexual harassment. It is before the Court on Defendant Anthony Stovall's Motion to Dismiss [Doc. 46]; Defendants William Reed, Venus Upshaw, and Anthony Stovall's Request for Clarification or, in the Alternative, Motion for Dismissal [Doc. 72]; and the Plaintiffs' Motion to Supplement Their Response to the Defendants' Motion to Dismiss [Doc. 44]. For the reasons set forth below, Defendant Stovall's motion is GRANTED in part and DENIED in part, Defendants Reed, Upshaw, and Stovall's motion is GRANTED, and the Plaintiffs' motion is DENIED as moot.

I. BACKGROUND

Defendants Stovall, Reed, and Upshaw are all employees of Defendant Fulton-DeKalb Hospital Authority d/b/a Grady Health System ("Grady"). Defendant Rohr, not included in these motions, is also a Grady employee. Rohr is the Director of Employee Relations for Grady; Stovall is Grady's Manager/Senior Staff Recruiter in the Human Resources Department; Reed is the Director of the Department of Mental Health Services, of which the Drug Dependence Unit ("DDU") is a part; and Upshaw is Clinical Director of the DDU. In July, 2004, Defendant Steve Kimbrell was hired by Grady to serve as a Substance Abuse Counselor in the DDU. Subsequently, he began counseling each of the Plaintiffs, three female DDU patients. They allege that he sexually harassed them repeatedly over the course of their counseling sessions.

On August 31, 2005, the Plaintiffs filed this lawsuit. The original complaint contained claims against only Grady, Kimbrell, Rohr, Reed, and Upshaw. The Plaintiffs subsequently amended their complaint to include Stovall. The amended complaint makes the following claims: (1) a section 1983 claim against Defendants Kimbrell, Rohr, Reed, Upshaw, and Stovall for violating the Plaintiffs' Equal Protection and Substantive Due Process rights; (2) a state law claim for sexual harassment against all Defendants; (3) a state law claim for professional negligence against Defendants Kimbrell, Upshaw, and Grady; (4) a state law claim for negligent

hiring and negligence per se against Defendants Rohr, Reed, and Upshaw; (5) a state law claim for negligent supervision and retention against Defendants Rohr, Reed, Upshaw, and Stovall; (6) a state law claim for intentional infliction of emotional distress against all named Defendants; and (7) a state law claim for recovery of attorney's fees and expenses.

On May 4, 2006, this Court dismissed the following claims: Claims 1, 2, and 6 against Defendant Rohr; Claims 1, 3, and 6 against Reed and Upshaw; and Claims 2, 3, and 6 against Grady. (Order of 5/4/2006). The Court denied, however, Defendant Rohr's motion to dismiss Claims 4 and 5 for "Negligent Hire and Negligence Per Se" and "Negligent Supervision" because the sole support for that motion was Defendant Rohr's affidavit, which the Court ruled could not be considered on a motion to dismiss. (Id. at 16). Defendant Stovall now moves to dismiss all claims against him. Defendants Reed, Upshaw and Stovall have also filed a motion for clarification or in the alternative for dismissal of the Plaintiffs' sexual harassment claim against them.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v.

Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

### III. DISCUSSION

    A.    Defendant Stovall's Motion to Dismiss

As Defendant Stovall acknowledges in his reply brief, the same grounds upon which this Court granted Defendant Rohr's Motion to Dismiss as to Claims 1, 2, and 6 and denied as to Claims 4, 5, and 7 are similarly applicable here.  (See Order of 5/4/2006).  The Court thus also dismisses Stovall as to Claims 1, 2, and 6, but denies his motion as to the other claims.

    B.    Defendants Reed, Upshaw, and Stovall's Motion for Clarification or Motion to Dismiss

Defendants Reed, Upshaw and Stovall seek clarification as to this Court's previous order pertaining to Claim 2 of the First Amended Complaint.  Although the complaint was poorly drafted, the Court previously determined that the Plaintiffs had alleged sexual harassment against all Defendants.  (Order of 5/4/2006, at 8.)  To

survive a motion to dismiss, however, the Plaintiffs were required to show that each of the other individual Defendants was a joint tort-feasor with Defendant Kimbrell by alleging some malicious act on their parts. See O.C.G.A. § 51-12-30. The Plaintiffs failed to make such an allegation as to any of these defendants. The Court thus granted Defendant Rohr's Motion to Dismiss. (Order of 5/4/2006, at 8-9.) Because Defendants Reed, Upshaw, and Stovall now move to dismiss this claim, their motion is similarly granted.

### C. Plaintiffs' Motion to Supplement Their Response

The Plaintiffs have also filed a motion to supplement their responses to Defendant Rohr's Motion to Dismiss, Defendants Reed and Upshaw's Motion to Dismiss, and Defendant Fulton-DeKalb Hospital Authority's Motion to Dismiss. As the Court has already ruled on these motions, the Plaintiffs' motion is denied as moot.

### IV. CONCLUSION

For the reasons set forth above, Defendant Anthony Stovall's Motion to Dismiss [Doc. 46] is GRANTED as to Claims 1, 2, and 6 and DENIED as to Claims 4, 5, and 7; Defendants William Reed, Venus Upshaw and Anthony Stovall's Motion to Dismiss [Doc. 72] is GRANTED; and the Plaintiffs' Motion to Supplement Their Response to the Defendants' Motion to Dismiss [Doc. 44] is DENIED as moot.

SO ORDERED, this 14 day of July, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge