IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANE DOE NO. 1, et al.,

    Plaintiffs,

      v.

FULTON-DEKALB HOSPITAL
AUTHORITY, doing business as
Grady Health System, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-2277-TWT

## ORDER

    This is an action for sexual harassment.  It is before the Court on the Defendants' Motion for Rule 11 Sanctions [Doc. 172].  For the reasons set forth below, the Defendants' motion is GRANTED.

## I. BACKGROUND

    This case arises out of claims by several patients at Defendant Fulton-DeKalb Hospital Authority d/b/a Grady Health System ("Grady") that a Grady substance abuse counselor, Defendant Steve Kimbrell, sexually harassed them over the course of their counseling sessions with him.  The patients filed this lawsuit against Grady and Mr. Kimbrell, as well as several other Grady employees–Robert Rohr, William Reed, Venus Upshaw, and Anthony Stovall.  Except for Mr. Kimbrell, all of the

Defendants in this lawsuit (collectively referred to as the "Grady Defendants") are represented by the same law firm, Hollowell, Foster & Gepp.  In orders issued on May 4 and July 14, 2006, the Court dismissed many of the claims against these Defendants. Accordingly, only the following allegations remain against Hollowell, Foster & Gepp's clients: (1) a state law claim for negligent hiring and negligence per se against Defendants Grady, Rohr, Reed, Upshaw, and Stovall; (2) a state law claim for negligent supervision and retention against Grady, Rohr, Reed, Upshaw, and Stovall; and (3) a state law claim for recovery of attorneys fees and expenses against all Defendants.

On June 22, 2006, the Plaintiffs, represented by Matthew C. Billips of Miller, Billips & Ates, filed a motion to show cause why Hollowell, Foster & Gepp should not be disqualified from simultaneous representation of the Grady Defendants.  In his brief in support of this claim, Mr. Billips identified evidence and testimony that he said showed an "extraordinary" conflict of interest between some of the individual Defendants and Grady.  He contended that his clients were merely seeking to ensure "that the individual Defendants have separate representation, to avoid the possibility of delay or some later contention that they were denied adequate representation." (Pls.' Mot. to Show Cause, at 3.)  He thus proposed that Hollowell, Foster & Gepp be precluded from representing all Defendants other than Grady unless:

(a) the Defendant has been notified of the potential conflict and has had the advice of separate and independent counsel regarding the potential conflict,

(b) the Court determines that the Defendant fully understands the potential conflict, and

(c) the individual Defendant has been offered an opportunity to have separate counsel and has chosen joint representation.

Id. at 2.

On July 18, 2006, Mr. Gepp sent the Plaintiffs a Rule 11 letter notifying them that the Defendants believed this motion to be frivolous and, if it was not withdrawn within 21 days, they would seek sanctions.  The Plaintiffs did not withdraw their motion.  The Court subsequently denied it, finding that it was without merit and frivolous.  The Defendants have now filed a Motion for Rule 11 Sanctions.

## II. DISCUSSION

The Defendants claim that Mr. Billips violated Rule 11 of the Federal Rules of Civil Procedure by failing to comply with the appropriate standard of care in attempting to disqualify Hollowell, Foster & Gepp from these proceedings.  Rule 11's main purpose "is to deter baseless filings in district court and thus, ... streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  Rule 11 sanctions should be imposed sparingly, however, "as they can have significant impact beyond the merits of the individual case and can

affect the reputation and creativity of counsel." Hartmarx Corp. v. Abboud, 326 F.3d 862, 867 (7th Cir. 2003). The Court of Appeals for the Eleventh Circuit has held that:

> A district court has the discretion to award Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003); see also Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). However, before filing a motion for sanctions with the court, the moving party must first serve the motion on the alleged violator and allow him 21 days in which to withdraw or appropriately correct the challenged allegation. See Fed. R. Civ. P. 11(c)(1)(A).

Here, the Court finds that the Plaintiffs' counsel has made two claims that warrant Rule 11 sanctions.[1] First, in the Plaintiffs' Motion to Show Cause, Mr. Billips asserted that the Defendants' counsel should be disqualified from representing all Defendants unless Grady provided separate and independent counsel to advise the individual Grady Defendants on the potential conflict. The Georgia Rules of

---

[1]Mr. Billips acknowledges in the Plaintiffs' response to the motion for sanctions that the Plaintiffs' counsel, rather than the Plaintiffs themselves, should appropriately bear all responsibility for any Rule 11 sanctions. (Pls.' Resp. to Mot. for Sanctions, at 25.)

Professional Conduct do not require that independent counsel be provided under such

circumstances.  The relevant standard, Rule 1.7, has been recently summarized by the

Georgia Supreme Court as follows:

> The simultaneous representation of parties whose interests in litigation
> may conflict, such as co-plaintiffs or co-defendants, is governed by Rule
> 1.7(b) of the Georgia Rules of Professional Conduct. Comment 7 to Rule
> 1.7(b). Rule 1.7 permits a lawyer to represent a client notwithstanding a
> significant risk of material and adverse effect if each affected or former
> client consents, preferably in writing, to the representation after: (1)
> consultation with the lawyer, (2) having received in writing reasonable
> and adequate information about the material risks of the representation,
> and (3) <u>having been given the opportunity to consult with independent
> counsel</u>.

<u>Bernocchi v. Forcucci</u>, 279 Ga. 460, 462 (2005) (emphasis added).  The rule requires

only that the client be given the opportunity to consult with independent counsel.  It

does not mandate that independent counsel be provided as a matter of course.  This

claim was thus objectively frivolous and even a cursory examination of Georgia's

Rules of Professional Conduct would have revealed to Mr. Billips that this claim was

without merit.  Accordingly, sanctions are warranted if the claim was not withdrawn

within 21 days of the Defendants' Rule 11 notice. <u>See</u> Fed. R. Civ. P. 11(c)(1)(A).  It

was not.

In his motion, Mr. Billips did not cite either the Georgia Rules of Professional

Conduct or the <u>Bernocchi</u> case.  This suggests that reasonable inquiry into the law was

not made, or that inquiry was made and controlling authority was ignored in favor of

anything remotely favoring the Plaintiffs' motion.  There was no argument for the extension, modification or reversal of existing law; the law was simply ignored.

The other potential Rule 11 violation arises out of Mr. Billips's contention that he had standing to seek Hollowell, Foster & Gepp's disqualification.  Lawyers practicing in this Court are bound by the Georgia Rules of Professional Conduct.  In Bernocchi, the Georgia Supreme Court interpreted those rules and set forth a clear standard for standing to seek disqualification of opposing counsel due to a conflict of interest in the representation of multiple parties.  The court held:

> Comment 15 to Rule 1.7 places the primary responsibility for resolving questions of conflict of interest on the lawyer undertaking the representation. A court may raise the question when, in litigation, there is reason to infer the lawyer has neglected the responsibility, and opposing counsel may raise the question "[w]here the conflict is such as clearly to call into question the fair or efficient administration of justice …" Id.  The Comment goes on to advise that an objection from opposing counsel "should be viewed with caution … for it can be misused as a technique of harassment." In order for counsel to have standing to raise the issue of an opposing lawyer having a conflict of interest in simultaneously representing multiple plaintiffs or defendants, there must be a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice, and opposing counsel must provide substantiation.

Bernocchi, 279 Ga. at 463 (citations omitted).  In his motion, Mr. Billips did not refer to the Bernocchi case or any other Georgia or Eleventh Circuit authority.

In response to the Plaintiffs' motion, the Defendants pointed out what they contended were the systematic misstatements of facts by Mr. Billips in the attempt to

create the appearance of conflicts of interest among the Defendants. They then set forth the applicable ethical standards from the Georgia Rules of Professional Conduct. The Defendants then cited the applicable Georgia caselaw on the standing of opposing counsel to seek disqualification due to an alleged conflict of interest. They specifically quoted the portion of the <u>Bernocchi</u> opinion quoted above. They then carefully distinguished each of the cases relied upon by the Plaintiffs. They submitted the Declaration of Randy Gepp itemizing the steps that he had taken to advise his clients of a potential conflict of interest and their right to seek advise of an independent counsel. He further declared that each of the individual Grady Defendants had signed an appropriate conflict waiver letter. Finally, the Defendants stated that they would seek Rule 11 sanctions if the motion was not withdrawn.

At this point, a reasonable and responsible attorney in Mr. Billips' position would have known that: (1) his demand that Grady provide at its expense independent counsel to advise each of the individual Defendants on the potential for a conflict of interest was not supported by the clear standards of the Georgia Rules of Professional Conduct; (2) Mr. Gepp had complied with the Georgia Rules of Professional Conduct by appropriately advising his clients and obtaining conflict waiver letters; (3) the Plaintiffs had no standing to seek Hollowell, Foster & Gepp's disqualification unless they could show a violation of the rules sufficiently severe to call in question the fair

and efficient administration of justice.  The possibility of delay or a later claim of inadequate representation due to a conflict do not come close to meeting this standard.

At this point, Mr. Billips should have withdrawn the motion.  If he had done so, the matter would have ended right there for everyone concerned.  By not doing so, and by stubbornly and recklessly refusing to back down, he subjected himself to Rule 11 sanctions.   In his reply to the Defendants' response, Mr. Billips continued his campaign of vilification against the Grady Defendants.  He made no effort to address the requirements of the Georgia Rules of Professional Conduct.  He did not say one word about the holding of the <u>Bernocchi</u> case.  He made no attempt to show that he had standing to make the motion by demonstrating a violation of the rules sufficiently severe to call in question the fair and efficient administration of justice.  And, he failed to address the Defendants' arguments distinguishing the cases from other jurisdictions that he relied upon in his original motion.  Accusing the Defendants of stonewalling on the issue, Mr. Billips demanded that the conflict waiver letters be produced for an *in camera* inspection by the Court.  The Court was not provided a scintilla of evidence that would call into question the sworn testimony of Mr. Gepp as an officer of this Court.  Without such evidence, a demand by the Court for an *in camera* inspection of confidential attorney-client communications would be insulting and degrading to a respectable member of the bar of this Court.

Mr. Billips had another opportunity to back down and withdraw the motion when the Court scheduled a hearing on the matter.  In reckless disregard of his obligations under Rule 11, he did not do so.  At the hearing, he persisted in demanding that independent counsel advise the individual Grady Defendants on the possibility of a conflict.  He persisted in demanding that the Court review the conflict waiver letters without any basis in fact or law for such a demand.

Mr. Billips says that he had no tactical reason to seek Mr. Gepp's disqualification.  Such a bland denial carries little weight with the Court.  Mr. Billips is an experienced and successful trial lawyer.  As such, he knows that anything that puts pressure on a Defendant – particularly a public Defendant – increases the settlement value of a case.  Disqualification of counsel puts pressure on a Defendant such as Grady in several ways.  Just the litigation of the motion forces the Defendant to incur thousands of dollars in legal fees.  If the Defendant rolls over or is forced to retain separate independent counsel for each Defendant, the cost of defending the litigation increases exponentially.  Separate counsel probably increases the chances that one or more of the individual Defendants will start pointing the finger at Grady or the other Defendants, thereby increasing the chances of a settlement or verdict in favor of the Plaintiffs.  And, disqualification would deprive the Defendants of Mr. Gepp's knowledge of Grady and experience in handling cases such as this.  Motions

to disqualify counsel are highly disfavored in the law because the threat of disqualification can be a powerful tactical weapon.

In his response to the motion for rule 11 sanctions, Mr. Billips again made no effort to address the requirements of the Georgia Rules of Professional Conduct. Again, he did not say one word about the holding of the <u>Bernocchi</u> case. He made no attempt to show that he had standing to make the motion by demonstrating a violation of the rules sufficiently severe to call in question the fair and efficient administration of justice. He submitted the affidavits of Professor Timothy Terrell and Professor A. James Elliott. Neither affidavit, however, identifies any basis in law for what started this whole affair – Mr. Billips' demand that Grady provide the individual Defendants with independent counsel to advise them on the possibility of a conflict. Neither affidavit addresses the issue of standing to raise the issue under the standard articulated in <u>Bernocchi</u>. Although the Court has the utmost respect and high regard for Professors Terrell and Elliott, their affidavits miss the point.

Finally, the fact that there is apparently no ill-will or personal animosity between Mr. Billips and Mr. Gepp does not weigh against sanctions in this instance. Mr. Gepp may have exceptionally thick skin. Abusive and ill-founded litigation tactics damage our system of justice and bring it and the legal profession into disrepute. The Court imposes Rule 11 sanctions rarely, reluctantly and only after long

(in this case too long) and careful reflection.  There is a line between zealous advocacy within the law and zealotry within no bounds.  By failing to withdraw the motion to disqualify defense counsel, Mr. Billips passed over from the former to the latter.  An appropriate monetary sanction is to award Grady its costs in opposing the motion.  Mr. Billips and his law firm, jointly and severally, are ordered to pay to Grady $8,240.00 in attorneys fees incurred by Grady in defending against the motion.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Defendants' Motion for Rule 11 Sanctions [Doc. 172] is GRANTED.

SO ORDERED, this 19 day of October, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge