IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANE DOE NO. 1;                                 :
JANE DOE NO. 2;                                 :
and JANE DOE NO. 3,                             :
                                                :
        Plaintiffs,                             :
v.                                              :        Civil Action No.
                                                :        1:05-CV-2277-TWT
FULTON-DEKALB HOSPITAL AUTHORITY                :
d/b/a GRADY HEALTH SYSTEM; et al.,              :
ROBERT ROHR, Director of Employee               :
Relations; WILLIAM REED, Director               :
of Psychological Services;                      :
VENUS UPSHAW, Clinical Director                 :
of the Drug Dependence Unit; STEVE              :
KIMBRELL; and ANTHONY STOVALL,                  :
                                                :
        Defendants.                             :

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**
**AGAINST DEFENDANT VENUS UPSHAW**

## I.      INTRODUCTION

**COME NOW** the Fulton-Dekalb Hospital Authority, William Reed, Robert

Rohr, Venus Upshaw, and Anthony Stovall ("Hospital Authority Defendants") and

submit this response to Plaintiffs' Second Motion to Compel Discovery and for

Sanctions, filed January 3, 2007.  (Doc. 307).    With the motion, Plaintiffs ask that

the Court order Defendant Upshaw to admit, in writing and under oath, that she

was convicted in 1985 of the misdemeanor office of unemployment compensation fraud. (Doc. 307, Br. at 7-8).  Plaintiffs seek sanctions against Upshaw for "failing to adequately or truthfully respond to the initial Interrogatory and for failing to provide an adequate or truthful supplemental response." (Id. at 8).   Defendants submit that the Court should deny the motion and reject Plaintiffs' prayer for sanctions against Upshaw.  In support of their position, Defendants will show, among other things, that Plaintiffs cannot produce a certified copy of any conviction and are using the present motion in an effort to extort from Upshaw an admission of a conviction of which she has no record or recollection.   Defendants will show further that Plaintiffs mis-state the substance of Upshaw's prior deposition testimony in the case of  Johnston v. Fulton DeKalb Hospital Authority, et al., Civil Action No. 1:03-CV-0426 and have filed incomplete and misleading excerpts from her testimony in the presently case.

## II.     FACTS RELEVANT TO THE MOTION

This is an action for sexual harassment by Defendant Steve Kimbrell. Plaintiffs' claims against the Hospital Authority Defendants are for negligent hiring and negligence per se, for negligent supervision and retention, and for statutory attorney's fees and expenses. (Doc. 231, p. 2).

Early in the case, Plaintiffs served Defendant Upshaw with interrogatories. Plaintiffs' interrogatories included a standard question whether Upshaw had been arrested or convicted of a crime; on June 16, 2006, Upshaw answer "no."   (See Doc. 307, Ex. 1).   On November 16, 2006, Plaintiffs took Upshaw's deposition and questioned her about her criminal record.  (Excerpts from Upshaw dep. Nov. 16, 2006). Upshaw responded that sometime in the 1980s she had been required to make restitution for an overpayment of unemployment benefits, but that she had not been arrested, did not appear before a judge, and did not believe she had been convicted of a crime.  (Upshaw dep. at 100-108).

Shortly thereafter, Plaintiffs accused Upshaw of lying about her criminal record.  (See Ex. 1, letter from Gepp to Billips, Nov. 30, 2006).  Upshaw's counsel, Randy Gepp, responded in writing and attached a copy of a criminal background check performed by BCI, Inc.; the background check showed no criminal record. (Id., with attached BCI "Pre-Employment Result Form.").   On December 6, 2006, Upshaw supplemented her interrogatory answer, as follows:

> I do not recall being arrested for a crime, charged with a crime, or accused of any crime.  In my deposition I testified about being obligated to repay some money I received for unemployment compensation and I may have paid a fine.  I do not recall the circumstances concerning my repayment.  I do not believe I went to court and I did not have a lawyer.  I do not believe I was charged with any crime relating to the unemployment compensation I received.

(Ex. 2, Upshaw Supplemental Responses) (emphasis added).

The same day that Upshaw supplemented her interrogatory answer, Plaintiffs' counsel sent Gepp a letter and enclosed a copy of a one-line entry in a certified copy of the Criminal Index, State Court of Fulton County.  (Ex. 1, Letter from Billips to Gepp, December 6, 2006, with enclosure).    That entry reads:

MILLINGTON, VENUS D.   BFO21814   032185   090658SOL

013829A   VIO GA EMP SEC ACT 3 CTS      $150+12 MOS

PROB+RESTI $1,992   111385[1]

(See Doc. 307, Ex. 3).

Counsel for Plaintiffs and Upshaw thereafter exchanged a series of letters; in each of his letters, Plaintiffs' counsel restated his claim that Upshaw had lied. [2] (Id., Dec. 14 & Dec. 20, 2006 and Jan. 3 & Jan. 5, 2007)

During the past two months, Defendants' counsel has endeavored to resolve this matter, but has failed to do so.  (Huber Decl., para. 4).   What Upshaw has learned during this period is as follows:

---

[1]  The entries are under the following headings:  Defendant, RSNumber, Rec Date, DOB, Arrest Agency, Case No., Charge, Disposition, Disp. Date.
[2] Because Plaintiffs have not attached counsel's pre-filing correspondence to the Second Motion to Compel, Upshaw has done so herself.  (Ex. 1).

- The Uniform State Court Rules provide, in part, that "A record of the proceedings at which a defendant enters a plea of guilty or nolo contendere <u>shall</u> be made and preserved."   Uniform State Court Rule 33.11 (emphasis added). <u>See</u> <u>City of Atlanta v. Lane</u>, 276 Ga. 339, 340 (when used in a statute, the word "shall" is generally read to be mandatory.). [3]

- In the State Court of Fulton County, the disposition of a criminal case is recorded on a sentence sheet.   (Bembry dep. at 32;  Smith dep. at 48-49).

- In response to Plaintiffs' subpoena, Rita Bembry, Chief Deputy Clerk of the Criminal Division, State Court of Fulton County, did not produce a certified copy of Upshaw's conviction for a misdemeanor offense. (Bembry dep. at 32-33).

---

[3] The Rule goes on to provide that "the record should include A) the inquiry into the voluntariness of the plea (as required in section 33.7); (B) the advice to the defendant (as required in section 33.8); (C) the inquiry into the accuracy of the plea (as required in section 33.9), and, if applicable;
(D) the notice to the defendant that the trial court intends to reject the plea agreement and the defendant's right to withdraw the guilty plea before sentence is pronounced."  Uniform State Court Rule 33.11.
At deposition, Bembry admitted that <u>none</u> of this information was available as to Upshaw's purported conviction.  (Bembry dep. at 36-38).

- Bembry did not produce a certified copy of the purported conviction because the underlying documents, such as the sentence sheet, that would have allowed her to do so have been destroyed. (Id. at 20, 33, 44, 47-48, 58-59 & Ex. 6).

- Bembry does not know why the paper records of the purported conviction were destroyed or when they were destroyed. (Id. at 38-39, 45-46, 48).

- Plaintiffs obtained a certified copy of the Criminal Index, State Court of Fulton County, with a one-line entry for Venus D. Millington, (Doc. 307, Ex. 3; Bembry dep. at 17).

- The information set out in the Criminal Index for the State Court of Fulton County does not list the statute by O.C.G.A. section (Smith dep. at 51), does not record whether the case went to trial or whether a plea was entered (Bembry dep. at 37), does not show the disposition as to the individual counts (Id. at 18, 46-47), and does not show the name of either the solicitor who handled the case or the judge who would have approved the disposition (Id. at 47).

- Ms. Bembry cannot remember what job she performed in 1985 when the conviction allegedly occurred. (Id. at 21-22). Ms. Bembry cannot state

when and how the information was entered that is recorded on the Criminal Index.  (Id. at 42-43, 58).

- The Chief Solicitor of Fulton County, Georgia, Carmen Smith, testified that she would consider the entry on the Criminal Index to be evidence of a conviction, as a business record.   (Smith dep. at 51).

- Ms. Smith was not employed in the Solicitor's Office in 1985.  (Smith dep. at 56-57).

- Both Ms. Bembry and Ms. Smith concede that the entries in existing records are consistent with a pre-trial disposition or diversion, without adjudication of guilt.  (Smith dep. at 56-57; Bembry dep. at 42, 48-49).

- Under Georgia law, a pre-trial disposition may not result in an adjudication of guilt.   (Smith dep. at 42).   See, e.g., O.C.G.A. § 42-8-60 (probation of first offenders, without adjudication of guilt).

- The Georgia Department of Labor has no records that it took any action against Upshaw to collect an overpayment of unemployment benefits. (Huber Decl., para. 3).

- Upshaw requested a copy of her criminal record from the East Point Police Department, where she resides.   (Upshaw Decl., para. 6 & Ex. A).   The record shows no arrests or conviction.   (Id., Ex. A).

- Georgia law provides a procedure for expunging incorrect information in a public record.  O.C.G.A. § 35-33-37.   Upshaw's counsel has initiated that procedure in order to expunge the information recorded on the Criminal Index, State Court of Fulton County.   (Huber Decl., para. 7 & Ex. C).

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.   Plaintiffs have not supported the Motion with the certification of counsel required by Local Rule 37.**

Local Rule 37.1.A(1) mandates that a motion to compel shall "Include the certification of counsel with regard to the duty to confer required by Fed.R.Civ.P. 37(a)(2)(A)(B)."   Plaintiffs' Second Motion to Compel does not meet the requirements of Local Rule 37.1.A. because their counsel has not filed certification that he has fulfilled the duty to confer.  For this reason alone, the Court should reject the motion.

**B.   In order to prove that Upshaw was convicted of a crime, Plaintiffs must produce a certified copy of the conviction; this Plaintiffs cannot do.**

Fed.R.Civ.P. 609 provides for impeachment of a witness by evidence of the conviction of a crime.  In the federal courts a party may prove a witness's criminal conviction by submitting a certified copy of the conviction or through the witness's

admission.  <u>Wilson v. Attaway</u>, 757 F.2d 1227, 1244 (11th Cir. 1985).[4]  <u>See also</u> <u>United States v. Cox</u>, 536 F.2d 65, 72 (5th Cir. 1976) (indictment cannot be considered as evidence and "rap sheet" did not even rise to the level of an indictment).  <u>Cf.</u> <u>Rucker v. State</u>, 205 Ga. App. 651 (1992)("It is well-settled [in Georgia] that evidence of a witness' prior convictions must be tendered and admitted in the form of certified copies of the convictions and not by testimony alone.").

In this case, the State Court of Fulton County is unable to produce a certified copy of the purported conviction and Plaintiffs have known this since at least February 14, 2007.  (Bembry dep. at 20, 33, 44, 47-48, 58-59 & Ex. 6).

**C.** **Plaintiffs cannot overcome the presumption against admissibility of a more than 10 year old conviction.**

Rule of Evidence 609 provides that evidence that a witness has been convicted of a misdemeanor offense is admissible "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonestly or false statement of the witness." Fed.R.Civ.P. 609(a)(2).

---

[4] The <u>Does</u> will contend that the Eleventh Circuit's recent, unpublished decision in the case of <u>United States v. Douglas</u>, 2007 U.S. App. LEXIS 1941(11th Cir. 2007), holds that entries on a court's docket are evidence of a conviction.  Plaintiffs are wrong.  <u>Douglas</u> is an appeal from a supervised release revocation hearing, to which the Federal Rules of Evidence do not apply.   2007 U.S. App. Lexis 1941, *9.

Notwithstanding that provision, evidence of a conviction that is more than ten

years old is not admissible

> unless the court determines, in the interests of justice, that the
> probative value of the conviction supported by specific facts and
> circumstances substantially outweighs its prejudicial effect. However,
> evidence of a conviction more than 10 years old as calculated herein,
> is not admissible unless the proponent gives to the adverse party
> sufficient advance written notice of intent to use such evidence to
> provide the adverse party with a fair opportunity to contest the use of
> such evidence.

Fed.R.Evid. 609(b)(emphasis added). [5]   The Eleventh Circuit has stated that Rule

609 (b) "establishes a presumption against the use of more than 10-year old

convictions" and that "the general rule, therefore, is inadmissibility."   United

States v. Cathey, 591 F.2d 268, 275 (5th Cir. 1979).   "Congress intended that trial

judges be extremely cautious in admitting evidence of remote convictions.  Id.,

quoting U.S. v. Bibbs, 564 F.2d 1165, 1170 (5th Cir. 1977).

In this case, even assuming, strictly for the purpose of argument, that a

certified copy of the Criminal Index is evidence of a conviction, the prejudicial

effect of the evidence substantially outweighs its probative value.

Plaintiffs do not, and cannot, claim that the purported conviction is relevant

to their substantive claims.  Plaintiffs bring state law claims for negligent hiring

---

[5] Defendants will assume that Plaintiffs claim that Upshaw repeatedly lied about
the purported conviction is their notice of intent to use the conviction against
Upshaw.

and supervision against Upshaw and the other Hospital Authority Defendants, arising out of the alleged failure to check Defendant Kimbrell's references before hiring him as a substance abuse counselor in the Drug Dependence Unit.  As to these claims, "the relevant question" is whether the employer knew or in the exercise of ordinary care should have known that the employee it hired and retained was unsuitable for position because he posed a reasonably foreseeable risk of personal harm to patients. Monroe v. Universal Health Svcs., 277 Ga. 861, 863, 596 S.E.2d 604 (2004).   See also O.C.G.A. §34-7-20 (employer is bound to exercise ordinary care in the selection of employees).  The "fact" that Upshaw was convicted of the misdemeanor offense of unemployment compensation fraud is not probative as to the issue of negligence.   See Fed.R.Evid. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probably than it would be without the evidence.").

In this case, the only probative value of the purported conviction is to impeach Upshaw's credibility.   Cathey, 591 F.2d at 275.  Plaintiffs certainly are aware, however, that "[t]emporally remote acts are only weakly probative of the witness's current credibility."   Ad-Vantage Tele. Directory Consultants, Inc. v. GTE Directories Corp., 37 F.3d 1460, 1464 (11th Cir. 1994).   Plaintiffs apparently

do not intend to use the conviction to impeach Upshaw's credibility directly, but, rather, to confront Upshaw with her subsequent "lies" about the conviction.   (See Doc.  307, Br. at 6-7).    Plaintiffs' plan is improper.  While the rules of evidence permit cross-examination of a witness concerning specific instances of conduct if probative of character or truthfulness, it is impermissible to prove such instances "by extrinsic evidence."    Fed.R.Evid. 608(b).    Thus, Plaintiffs cannot submit evidence of the 1985 "conviction" to prove that she subsequently and repeatedly lied about the conviction.  Id.   See also United States v. Barnes, 622 F.2d 107, 110 (5th Cir. 1980) (defense could not inquire about witness's previous convictions, in violation of Rule 609(a)(2) just to set her up for impeachment by a prior inconsistent statement.).   Finally, Plaintiffs' intention to prejudice Upshaw is evidenced further by their demand that the Court preclude Upshaw from testifying as to facts that might mitigate the purported conviction.  (Doc. 307, Br. at 18-19).

In this case, the remote "conviction" has limited probative value and Plaintiffs have stated their intention to use their evidence of the conviction in an improper way.    Under the circumstances, Plaintiffs cannot overcome the presumption against admission.

**D.      Upshaw did not lie in her initial or supplemental interrogatory answers.**

Knowing that they cannot produce a certified copy of any conviction, Plaintiffs nevertheless argue that Upshaw was convicted of three counts of unemployment compensation fraud and that she lied when she answered Plaintiffs' interrogatory.    The allegations of lying are premised upon the one-line entry in the Criminal Index which, as shown above, is consistent with either a conviction <u>or</u> a pre-trial disposition without adjudication of guilt.   <u>See</u> supra at 5-8.

At her deposition in this case, Upshaw testified that she had paid back an overpayment of unemployment benefits, but that she did not believe that she had been convicted of a crime.    (Upshaw dep. Nov. 16, 2006, at 100-108). Subsequently, Upshaw's counsel, Randy Gepp, obtained a background check on Upshaw and provided the results to Plaintiffs (Ex. 1, letter from Gepp to Billips, Nov. 30, 2006); the background check showed no arrests or convictions (<u>Id.</u>). After Plaintiffs filed this motion, Upshaw obtained a copy of her criminal record from her local police department (Upshaw Decl., para. 6);   the official record shows no arrests or convictions.  (<u>Id.</u>, Ex. A).

With their Second Motion, Plaintiffs nevertheless continue to argue that the evidence shows that Upshaw lied.   According to Plaintiffs, the requested inference is warranted because Upshaw "can give and has given no credible explanation for

failing to disclose her criminal record. . . more than two and one-half years after she had that record brought to her attention during her own deposition"    (Doc. 307, Br. at 17.).    First, Upshaw never had her "criminal record brought to her attention" at any deposition and Plaintiffs mis-state the evidence when they say that she did.   See discussion, infra at E.   Second, Upshaw has given a credible explanation for her testimony, i.e., the purported conviction does not appear on any background check or on the NCIC database and Upshaw has no recollection of being arrested,  being fingerprinted, charged with a crime, seeing a judge, or placed on probation.   (Doc. 307, Upshaw dep., Johnston;  Upshaw dep. Nov. 16, 2006, at 101-102 ).  Upshaw recalls receiving a letter about an unemployment overpayment, meeting with a man to arrange for repayment, and paying back the sum.  (Upshaw dep. Nov. 16, 2006 at 101, 103-04; Upshaw Decl., para. 5).  Upshaw's recollection is consistent with a diversion or pre-trial disposition of any charges.  (Smith dep. at 56-57, Bembry dep. at 42, 48-49).   Given the recent deposition testimony, an inference that Upshaw entered into a diversion or pre-trial disposition of any charges is more reasonable than Plaintiffs' inference that Upshaw repeatedly lied.

**E.    The prior questioning of Upshaw in the <u>Johnston</u> case did not place her on notice that there existed a record of a criminal conviction against her.**

Plaintiffs contend that Upshaw was on notice of the evidence against her as a result of her deposition questioning in the case of <u>Johnston v. Fulton DeKalb Hospital Authority, et al</u>.    According to Plaintiffs, "<u>once her conviction was discovered in the Johnston case</u>, some further investigation was required in response to Plaintiffs' interrogatory."  (Doc. 307 at 17) (emphasis added).

Plaintiffs blatantly mis-state the testimony in <u>Johnston</u>.    In that case, the plaintiff's counsel, Kevin Hooks, asked Upshaw substantially the same questions that Plaintiffs asked and Upshaw gave substantially the same answers:

Q.    Have you ever plead guilty to or been convicted of a crime?
A.    No.
Q.    Have you ever been arrested?
A.    No.
Q.    Have you ever been sentenced to any kind of probation for any crimes committed?
A.    I'm not sure if this will fall in that category.  I received some -- And I'm kind of vague about this because it was a while ago.  I received a unemployment check that they said I wasn't eligible for and I had to pay it back.
Q.    When was that?
A.    Oh, '80s.
Q.    Like mid-'80s?
A.    I'm honestly not sure of the exact date.
Q.    Okay.  Did you -- Were you convicted of or pled guilty to some kind of misdemeanor back in 1985 that resulted in three years' probation?
A.    No.

Q.     You're not aware of that?

A.     No, not at all.  A misdemeanor that resulted in three years' probation?

Q.     Yes, ma'am.

A.     No.  Not unless that's related to what I was talking about paying the money back for the unemployment check.  But I don't remember probation, seeing a  probation officer or anything like that.  I just had to make monthly  payments.

Q.     Well, tell me a little bit about what happened.

A.     1985?  I'm sorry.

Q.     I was just -- Tell me a little bit about the unemployment check. What  happened there?

A.     To the best of my recollection, I think it could be that I -- but I don't think it was in 1985 -- that I received unemployment checks that they said I was no longer eligible for.  And that probably would have been in the early '80s.  And I had to pay the  checks  back  and  a  fine,  but  I  know  I  never,  to  my recollection, went to see a probation officer or anything like that.

Q.     Okay.  So -- Just so I'm clear, is it your testimony that you -- to the best of   your recollection, you were not sentenced to three years' probation in 1985  in  connection  with  a  misdemeanor offense?

A.     My answer is unless it was connected with the unemployment check.  And I never saw -- I can say I never saw a probation officer.

(Upshaw dep., Johnston v. FDHA, et al, 2/18/04, at 12, line 8 to 14, line 5).

Hooks did not submit any documentation of the conviction into evidence at the deposition and did not pursue the line of questioning further.  (Huber Decl., para. 7 & Ex. B).  Plaintiffs' claim that Hooks' questioning placed Upshaw on notice that she had been convicted of a crime is not supported by the transcript.

Contrary to Plaintiffs' claim, Upshaw was placed on notice in November 2006,  when Plaintiffs' counsel contacted Randy Gepp and alleged that Upshaw had lied.  (Ex. 1, Letter from Gepp to Billips, Nov. 30, 2006).    In response, Upshaw conducted a reasonable inquiry by obtaining a background check from BCI.   (Id.).  That background check showed no arrests or convictions, as did the criminal record that Upshaw obtained two months later.   The information that Upshaw obtained in November 2006 was no different than it would have been in June 2006, when Upshaw first answered the interrogatory at issue.

### F.    Sanctions are not warranted.

Plaintiffs complain that unless the Court compels Upshaw to admit to the "facts or circumstances" of the purported conviction, they will be forced either to obtain an affidavit or take a 30(b)(6) deposition to confirm the information in the Criminal Index.  (Doc. 307, Br. at 16).   As of the date of this response, and with the consent of the Defendants, Plaintiffs have taken the depositions of both the Deputy Clerk of the Superior Court and the Solicitor General of Fulton County. As shown previously, the deposition testimony shows that the available records are are consistent with either a conviction or the diversion that Upshaw recalls.

This Court should also reject Plaintiffs' request that it prohibit Upshaw from submitting testimony in mitigation of the purported conviction and "lies."  (Id. at

18).  In support of their position, Plaintiffs reply on the district court's decision in

Aastra Technologies, Ltd. v. Jones, 2005 U.S. Dist. LEXIS 1854 (D.N.H. 2005).

In that case, the plaintiff brought suit for copyright infringement and the defendant

made a false statement that was material to the claim, i.e., that he had not copied

the plaintiff's software.   Id. at *3-4.  Neither circumstance is present in this case,

in that the evidence shows that Upshaw did not lie and the alleged lie is on a matter

that is not material to Plaintiffs' substantive claims.

     Finally, the Court should reject the request for fees.   Over a month after

Plaintiffs filed the Second Motion, they took the depositions that confirmed that

the State Court could not certify the disposition and that Upshaw's recollection of

what happened was consistent with a pre-trial diversion or disposition.   There is

no reason that Plaintiffs could not have obtained the same information by taking

depositions prior to filing the Second Motion to Compel.

### G.    The Court should award Defendants' a reasonable attorney's fee for having to respond to Plaintiffs' Second Motion to Compel.

Fed.R.Civ.P.37(a)(4)(B) grants the Court discretion to award a reasonable

attorney's fee to the non-moving party "unless the court finds that the making of

the motion was substantially justified or that other circumstances make an award of

expenses unjust."    In this case, Plaintiffs apparently knew before filing the

Motion that they could not obtain a certified copy of any conviction.  In their effort

to extract an admission from Upshaw, they make the followed statements that <u>are not corroborated by any testimony or document</u>:

- "Plaintiffs have recently learned that Ms. Upshaw even concealed this conviction [sic] when she applied for her license as a registered nurse in 1986, shortly after she was convicted [sic] and while she was still on probation." [6]  (Doc. 307, Br. at 6).

- "It was relatively simple to obtain information regarding that conviction.  A telephone call to the Fulton Clerk's office located the record."  (Id. at 15).

- "A telephone call to the Georgia Department of Corrections confirmed that [Upshaw] had been on probation."  (<u>Id.</u>).

With the Second Motion to Compel, Plaintiffs also make statements that are either <u>contrary to the evidence or misleading about the evidence</u>:

- As of February 18, 2004, "Upshaw knew that she had been convicted of a crime."  (Doc. 307, Br. at 3 n. 1; <u>see also</u> <u>Id</u>. at 14 & 16).  As shown previously, supra at E,   this statement is false.

---

[6]   It appears that Plaintiffs contacted the Georgia State Board of Nursing about Upshaw's nursing license.   If Plaintiffs have any documents obtained from the State Board, they have not shared the documents with Defendants.

- That, during her deposition on November 16, 2006, Upshaw "disclosed the place of her conviction." (Doc. 307, Br. at 15).   As shown previously, Upshaw never admitted to being convicted of a crime.   The transcript shows that Upshaw testified that she met with someone and agreed to pay a fine and pay back an overpayment.   (Upshaw dep. Nov. 16, 2006, at 101). Plaintiffs' counsel then asked:

> Q.    And what jurisdiction, what county did this occur in?
>
> A.    Either Fulton County or City of Atlanta.

(Id.).

The transcript shows that Upshaw did not disclose "the place of her conviction."

- "Plaintiffs discovered that Upshaw . . . gave false testimony about the circumstances of the crime [sic]." (Doc. 307, Br. at 5).   Plaintiffs proceed to report the entries on the Criminal Index as proof of a conviction, even though Georgia law is absolute clear that a conviction must be proved by a certified copy.  Rucker v. State, 205 Ga. App. 651 (1992).  Plaintiffs also state that Upshaw violated O.C.G.A. § 34-8-256(a), even though the code section is not referenced on the Criminal Index. (Smith dep. at 51). Plaintiffs then assert, without attribution to any source, that Upshaw

received ten unemployment checks to which she was not entitled.     In sum, Plaintiffs' entire argument on the matter is misleading.

- "Despite repeated letters from Plaintiffs regarding this matter, Defendants have steadfastly refused to provide any further supplementation." (Doc. 307, Br. at 7).    Plaintiffs not only fail to support this statement, they fail to disclose that Upshaw's counsel provided them with a background check on Upshaw that showed no arrest or convictions.   (See Ex. 1, letter from Gepp to Billips, Nov. 30, 2006, with BCI background check enclosed)

- The information substantiating the conviction "is so readily at hand." (Doc. 307, Br. at 16).   As of December 4, 2006, Plaintiffs had a certified copy of the Criminal Index.  (Doc. 307, Ex. 3).  As of that date, they must have known that they could not obtain the only admissible evidence of a conviction, a certified copy.   As of that date, they certainly were aware that the Criminal Index did not record essential information, including whether the case had gone to trial or been the subject of a plea, the disposition of the individual counts, and the name of the solicitor and judge. See discussion supra at 6.   Plaintiffs' assertion that Upshaw "readily" could have obtained proof of a conviction is misleading.

- "Had Plaintiffs not obtained a copy of her deposition in other litigation, they would never have been aware her interrogatory response was false." (Doc. 307 at 8).    This statement is misleading.  Like Dr. Johnston before them, Plaintiffs suspected that Upshaw had been convicted of a crime because an internet website reported that she had been on probation.  (Huber Decl. paras. 5 and 6 & Ex. A; Smith dep., at 38-39 (discussion between counsel about printout obtained from Accurant.com)).   Moreover, Plaintiffs knew about Upshaw's testimony in the <u>Johnston</u> case on November 16, 2006, when they took her deposition and questioned her about her about her prior testimony.  (Upshaw dep., Nov. 16, 2006, at 104-105).

Finally, and most egregiously, Plaintiffs support their Second Motion with incomplete excerpts from Upshaw's deposition testimony.    (Doc. 307).   While Plaintiffs filed pages 100 to 102 of the transcript, Upshaw's testimony on the issue of the purported conviction begins on page 100 and continues <u>through page 108</u>. In the omitted pages, Upshaw states repeatedly that she did not believe that she committed a crime and that she had never been charged with a crime, arrested, or convicted.  (Upshaw dep., Nov. 16, 2006, at 103-104, 106, 108).

Given the omissions and mis-statements of fact in Plaintiffs' Second Motion to Compel, the Court should award Defendants their fees and costs for having to respond to the motion.

## IV.  CONCLUSION

Upshaw finds herself in the Kafka-esque dilemma of being accused of a criminal misdemeanor conviction that the State Court cannot certify and of which she has no memory or record.  Plaintiffs seek to exploit Upshaw's dilemma by forcing to her to admit to the conviction and preventing her from explaining the circumstances.   The Court should deny Plaintiffs' ill-founded Second Motion to Compel and award fees and costs to Defendants.

Respectfully submitted this 14th day of March, 2007.

**HOLLOWELL, FOSTER & GEPP, P.C.**

/s/     Randy C. Gepp, Esq.
          Randy C. Gepp, Esq.
          (Georgia Bar Number 291375)

/s/     Mary J. Huber, Esq.
          Mary J. Huber, Esq.
          (Georgia Bar Number 373700)
          Attorneys for Defendants

1200 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia  30303-1507
(404) 658-9900

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that the foregoing brief is prepared in Times New Roman type, size 14, proportionately spaced.

/s/     Mary J. Huber
Mary J. Huber, Esq.
(Georgia Bar No. 373700)

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served copies of the attached

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO**

**COMPEL DISCOVERY AND FOR SANCTIONS AGAINST DEFENDANT**

**UPSHAW** on all parties listed below by electronically filing a copy of same with the

Clerk of Court by using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Matthew C. Billips, Esq.
Alysa B. Freeman, Esq.
Miller & Billips, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia  30308

Lawrence Rosenbluth, Esq.
5855 Sandy Springs Circle, Suite 150
Atlanta, Georgia  30328

This 14th day of March, 2007.

/s/     Mary J. Huber
Mary J. Huber, Esq.
(Georgia Bar No. 373700)
Attorney for Defendants

**HOLLOWELL, FOSTER & GEPP, P.C.**
1200 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia  30303-1507
(404) 658-9900

25